HARRY UNGER, PLAINTIFF-APPELLEE, v. HERMANN KERN, DEFENDANT-APPELLANT.

Argued October 4, 1939—Decided November 2, 1939.

Before Justices TRENCHARD, CASE and HEHER.

For the defendant-appellant, *Chester Mueller* (*Arthur E. Dienst,* of counsel).

For the plaintiff-appellee, *Harry R. Rinsky* (*Harry Unger,* of counsel, *pro se*).

The opinion of the court was delivered by

TRENCHARD, J. This is an appeal by defendant, Hermann Kern, from a judgment of the District Court of the county of Essex in favor of the plaintiff. The case was tried without a jury.

At the trial it appeared without dispute that the defendant had been a month to month tenant of the plaintiff, his tenancy term beginning on the first day of the month; that he had given proper notice that he would vacate by October 1st, 1938; that he removed during the morning of October 1st, 1938, prior to noon, and that thereafter the premises were vacant during October, 1938. Defendant moved for a nonsuit on the ground that he was not a hold-over tenant, as he vacated before noon on the first day of the month pursuant to the notice given. That motion was denied. At the close of the case and upon the same evidence, the defendant moved for a

directed verdict in his favor. The court ruled that defendant was a hold-over tenant for the month of October, 1938, and entered judgment against him for a month's rent. Proper exceptions were taken and we think were well taken.

A month to month tenancy beginning on the first of the month permits the tenant after proper notice to move any time up to noon on the first day of the following month without becoming a hold-over tenant for the ensuing month.

Thus it has been said that the "tenant was entitled to remain the entire month and was not required to vacate until the last day has passed, nor to give possession until the first of the succeeding month." *West* v. *Wilson*, 1 *N. J. Mis. R.* 389. There the case came up to the Supreme Court by *certiorari* to review the judgment of the District Court and was decided on July 2d, 1923. After stating that "the only ground upon which such a writ will go in a tenancy case is want of jurisdiction shown either in the affidavit on which the summons is allowed, or in the proof of jurisdictional facts" the court goes on to say:

"The want of jurisdiction is urged because the notice to quit was for the first day of the month while the term expired on the last. There is nothing in this point, as tenant was entitled to remain the entire month and not required to vacate until the last day had passed, nor to give possession until the first day of the succeeding month."

Similarly in *Steffens* v. *Earl,* 40 *N. J. L.* 128, Mr. Justice Reed, speaking for the court said:

"By strict computation, the term set out by the present affidavit probably terminated on the last midnight of July. I think it would be carrying the rule that a notice to quit must be made with reference to the end of the term, to an illogical and unreasonable length to hold that a notice given for the day commencing at that midnight is not a good notice. The law is ignorant of fractions of a day. The notice covers all and any period of the twenty-four hours from midnight to midnight. The very moment the tenancy expires the tenant is confronted with a direction to quit. On what process of reasoning can it be said that a new term has commenced before notice is given. There is another foundation which

I think the landlord might have erected to support the validity of his notice and that is usage. The bulk of letting, in cities, is in connection with houses used for that purpose only. The constant interchange of tenants and tenements compels simultaneous moving. A strict construction of leases would often compel general movements at midnight. Of course nothing so absurd is conceivable in practice. I am quite sure that a usage could be shown for the out-going tenant to remove and the in-coming tenant to enter on the same day, and that day corresponding with the first day of the various terms. Unless this usage was controlled by express words in the lease, the courts would enforce it."

The expediency which has produced this usage is too evident to now require extended remark. Tenants moving into a premise cannot legally enter until the first day of the new term has arrived. The necessity to respect previous tenant's rights requires entry after midnight on the last day of the term, and convenience requires that the moving be done by daylight.

So it follows that the court below erred in adjudging defendant a hold-over tenant because he remained in the premises during the forenoon of the first day of the month while moving.

The judgment below will be reversed, with costs to the appellant.